IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
JUN 06 2014
CIRCUIT COURT CLERK
BY _____ D.C.

TOMEKA L. TAPER

    Plaintiff,

vs.

NICHOLAS EDWARD DUGGAN and
JACK KEY AUTO TRANSPORT, INC.
AKA RED LEASING, LLC.

    Defendants.

Docket No. CT- 002508 14
Division: VIII
**JURY DEMANDED**

## COMPLAINT FOR AUTOMOBILE NEGLIGENCE

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

**COMES NOW** your Plaintiff, Tomeka L. Taper, by and through counsel, and files this Complaint against Defendants, Nicholas Edward Duggan and Jack Key Auto Transport, Inc., for her personal injuries and damages and would respectfully state unto this Honorable Court the following, to wit:

### JURISDICTION AND VENUE

1. Plaintiff, Tomeka L. Taper, respectfully alleges that she is an adult resident citizen of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Plaintiff alleges that Defendant, Nicholas Edward Duggan ("Duggan"), is an adult resident citizen of Texas who resides at 218 Southern Belle, Coppell, Texas, 75019.

3. Upon information and belief, Plaintiff alleges that Defendant, Jack Key Auto

EXHIBIT A

Transport, Inc. AKA Red Leasing, LLC. is a Texas corporation authorized to and doing business in Tennessee and may be served with process through their designated registered agent Evilsizor Transportation Services, Sharon Lee Seals, 1732 Carroll Road, Morristown, Tennessee, 37813.

4. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile wreck which occurred in Memphis, Shelby County, Tennessee, on or about December 11, 2013. Jurisdiction and venue are proper with this court.

## FACTS

5. Plaintiff alleges that at all times material hereto, Defendant, Jack Key Auto Transport, Inc. AKA Red Leasing, LLC., was the registered owner of the vehicle driven by Defendant, Nicholas Edward Duggan. At all times pertinent to the allegations set forth in this Complaint, Nicholas Edward Duggan was an agent, servant, and/or employee and was driving said vehicle with the permission, consent, or approval of Defendant, Jack Key Auto Transport, Inc.. Thus, Plaintiffs rely upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the Doctrine of Respondeat Superior, Negligent Entrustment, and Agency, whereupon Plaintiffs would allege that every act of negligence as alleged herein against Defendant, Nicholas Edward Duggan, is imputed to Defendant, Jack Key Auto Transport, Inc., and they are liable to Plaintiffs for their resulting injuries and damages.

6. Upon information and belief, Plaintiff alleges that on or about December 11, 2013 at approximately 12:15 p.m., Defendant, Nicholas Edward Duggan, was operating a 2012 WSTR Semi, bearing Texas license tag number RN7K78, owned by Defendant, Jack Key Auto Transport, Inc. AKA Red Leasing, LLC. in an eastbound direction on I-40 approximately one mile west of the Riverside Drive Exit in the center lane of traffic.

7. Plaintiff alleges that at the time of the subject wreck Plaintiff, Tomeka L. Taper, was operating a 2011 Chevrolet Impala, also in an eastbound direction on I-40 approximately one mile west of the Riverside Drive Exit in the outside lane of traffic.

8. Plaintiff alleges that suddenly and without warning, Defendant, Duggan, negligently changed lanes into Plaintiff's lane of travel by traveling from the center lane where he was traveling into the outside lane, which was the lane of travel Plaintiff had maintained.

9. Plaintiff alleges that Defendant Duggan failed to keep a proper lookout by changing lanes into Plaintiff's lane of travel and negligently failed to maintain proper control of his vehicle, striking the right front passenger lane of travel, striking the vehicle in which Plaintiff was traveling.

10. Following this aforementioned wreck, the Defendant Duggan left the scene of the accident, did not stop his vehicle, and continued heading south on I-240.

11. Plaintiff, in an effort to comply with applicable Tennessee law and exchange information which should occur after a wreck, followed the Defendant and managed to stop Defendant from proceeding further southbound on I-240.

12. After stopping his vehicle the Defendant, Duggan, exited his vehicle with a tire iron in his hand.

13. Defendant Duggan approached Plaintiff's vehicle in a threatening manner.

14. Upon information and belief, Defendant Duggan yelled at Plaintiff to "get back in the car".

15. Furthermore, upon information and belief, Defendant Duggan stated to Plaintiff that "I am going to kill you".

16. Defendant Duggan began violently striking Plaintiff's car with a tire iron. As a

result of his violent actions, Defendant Duggan broke three side windows, the passenger side mirror, and dented the trunk to Plaintiff's vehicle.

17. Plaintiff was inside the vehicle at all times and was in fear of being hit and for her life by Defendant the entire time.

18. Defendant Duggan was taken into custody by the Memphis City Police for assault.

19. Furthermore, Defendant Duggan was also charged with leaving the scene of an accident.

20. Defendant Duggan, was also charged with aggravated assault.

21. Defendant Duggan was also charged with felony vandalism.

22. Plaintiff further alleges that the impact between the vehicle in which Plaintiff were traveling and Defendant's vehicle, as well as Defendant's conduct after the incident wreck, resulted in Plaintiffs' injuries and damages as a direct result of Defendants' negligence, herein described.

### NEGLIGENT ACTS AND/OR OMISSIONS

23. Plaintiff charges and alleges that Defendant, Nicholas Edward Duggan, is guilty of one, some, or all of the following acts and/or omissions of common law negligence which acts are imputed to Defendant, Jack Key Auto Transport, Inc. AKA Red Leasing, LLC. to-wit:

   (a) Negligently failing to use the degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

   (b) Negligently failing to maintain a proper lookout ahead;

(c) Negligently failing to maintain proper control of the vehicle under the existing circumstances;

(d) Negligently failing to devote full time and attention to the operation of the vehicle;

(e) Negligently failing to adequately and reasonably monitor the flow of traffic;

(f) Negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

(g) Negligently failing to signal his turn;

(h) Negligently speeding under the then and there existing circumstances;

(i) Negligently failing to yield to the plaintiff;

(j) Negligently changing lanes without determining if same could be done safely; and

(k) Negligently failing to warn the plaintiff.

24. Plaintiff charges and alleges that at the time of the wreck in question, the following statutes of the State of Tennessee were in full force and effect and were violated by Defendant, Nicholas Edward Duggan, constituting negligence *per se*, and imputed to Defendant, Jack Key Auto Transport, Inc. AKA Red Leasing, LLC. , to-wit:

*Section 55-8-103*   *Required obedience to traffic laws –*
It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title

*Section 55-8-123*   *Driving on roadways laned for traffic –*
Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until

*the driver has first ascertained that the movement can be made with safety.*

**Section 55-8-136**    ***Drivers to exercise due care –***
*(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.*

*(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.*
*(c) A violation of this section is a Class C misdemeanor.*

**Section 55-10-202**    ***Operating a vehicle contrary to law –***
*(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.*
*(b) A violation of this section is a Class C misdemeanor.*

**Section 55-10-205**    ***Reckless driving.***
*(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.*

**Section 55-10-101**    ***Accidents involving death or personal injury***

(a)  The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to the sceneas possible, but shall then return to and in every event shall remain at the scene of theaccident until the driver has fulfilled the requirements of § 55-10-103. The stop shall be made without obstructing traffic more than is necessary. The requirements in this subsection (a) apply to accidents occurring upon highways and the premises of any shopping center, trailer park or any apartment house complex, or any other premises that are generally frequented by the public at large.
(b)

6

> (1) A violation of subsection (a) is a Class A misdemeanor.
> (2)
>> (A) It is a Class E felony for any person to fail to stop or to comply with the requirements of subsection (a) when the person knew or should reasonably have known that death resulted from the accident.

25. Plaintiff charges and alleges that the Defendant, Nicholas Edward Duggan, violated certain ordinances of the City of Memphis which were in full force and effect at the time and place of the collision and applicable as set forth in the City of Memphis Municipal Code, constituting negligence *per se*, and imputed to Defendant, Jack Key Auto Transport, Inc. AKA Red Leasing, LLC., to wit:

> ***Section 11-16-2: Duty to devote full time and attention to operating vehicle;***
>> *It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.*
>
> ***Section 11-16-3: Duty to drive at safe speed, maintain lookout keep vehicle under control;***
>> *Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:*
>> *1. Operate his vehicle at a safe speed;*
>> *2. Maintain a safe lookout;*
>> *3. Use due care to keep his vehicle under control.*
>
> ***Section 11-16-14: Driving on roadways laned for traffic;***
>> *Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:*
>> *A.   A vehicle shall be driven entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety.*
>
> ***Section 11-16-44: Reckless driving;***
>> *Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.*

26. Plaintiff charges and alleges that one, some, or all aforesaid acts of common law negligence, violations of the State of Tennessee, and/or violations of Ordinances of City of

Memphis by Defendants were the direct and proximate cause of the collision at issue and Plaintiff's resulting injuries to be hereinafter set out with more particularity.

### INJURIES AND DAMAGES

27. Plaintiff, Tomeka L. Taper, alleges that as a direct and proximate result of the herein above described violations of the common law, state statutes, city ordinances, and negligent entrustment by Defendants, Plaintiff, Tomeka Taper, sustained multiple, serious, and disabling injuries to her body as a whole, including, but not limited to, a contusion to her forehead, injuries to her neck, back and head, mental anguish, loss of enjoyment of life, and anxiety caused by the subject wreck.

28. Plaintiff, Tomeka Taper, alleges that she has endured pain and suffering and may continue to suffer from the injuries arising out of the subject wreck.

29. Plaintiff, Tomeka Taper, alleges that she has incurred reasonable and necessary medical expenses in order to alleviate her pain and suffering, and verily believes that she will incur said expenses in the future.

30. Plaintiff, Tomeka Taper, further alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present, and future.

31. Plaintiff, Tomeka Taper, further alleges that she has sustained mental anguish as a result of the subject wreck, past, present, and future.

32. Plaintiff further alleges that she is suffering from depression since the subject wreck and is seeking treatment for this injury.

33. Pursuant to T.C.A. §24-5-113(b), Plaintiff, Tomeka Taper's, medical bills are itemized and attached to this Complaint as Exhibit "A" to this Complaint:

| | |
|---|---|
| Methodist Hospital – North | $ 4,529.40 |
| T.M. Carr, MD | $ 275.00 |
| Memphis Radiological | $ 228.00 |
| TLC Medical & Physical Therapy Clinic, LLC | $ 3,285..00 |
| Methodist Hospital – North | $ 783.00 |
| T.M. Carr, MD | $ 200.00 |
| Memphis Center for Women and Families | $ 370.00 |
| **Total Medicals** | **$ 9,640.40** |

34. Plaintiff, Tomeka Taper, further alleges that she was operating her 2011 Chevrolet Impala at the time of the subject accident and that, as a direct and proximate result of the herein described negligent acts of Defendants, she sustained property damage and loss of use and sues for any and all allowable property damages under the law.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tomeka L. Taper, respectfully sues Defendants, Nicholas Edward Duggan and Jack Key Auto Transport, Inc. AKA Red Leasing, LLC., for a reasonable amount of restitution and compensation for damages to be determined by twelve Honorable and good citizens of Shelby County but not to exceed the sum of **THREE HUNDRED THOUSAND DOLLARS AND 00/100 ($300,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for damages as they may appear on the trial of this cause reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

**NAHON SAHAROVICH & TROTZ, PLC**

9

                                  */s/ Mark N. Geller*
_____
Mark N. Geller (BPR # 022797)
Attorney for the Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
Phone: (901) 462-3353
Fax:    (901) 746-1553

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-002508-14

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

**Plaintiff(s):** TOMEKA L. TAPER

DIV. VIII

VS

**Defendant(s):** NICHOLAS EDWARD DUGGAN and JACK KEY AUTO TRANSPORT, INC. AKA RED LEASING, LLC.

TO: (Name and Address of Defendant (One defendant per summons))

JACK KEY AUTO TRANSPORT, INC. AKA RED LEASING, LLC.
SERVED THRU THEIR REGISTERED AGENT:
EVILSIZOR TRANSPORTATION SERVICES
SHARON LEE SEALS
1732 CARROLL ROAD
MORRISTOWN, TENNESSEE 37813

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Mark N. Geller, Plaintiff's attorney, whose address is 488 South Mendenhall, Memphis, TN 38117, telephone +1 (901) 462-3353 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk

TESTED AND ISSUED 6-6-14       By _____, D.C.

**TO THE DEFENDANT:**

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____

JIMMY MOORE, Clerk

By: _____, D.C.